HENRY A. WESS, INC. (H. A. SMITH) *v.* UNITED STATES

**No. 6998.**—Invoice dated London, England, April 15, 1946.
　　　　Certified April 16, 1946.
　　　　Entered at Cincinnati, Ohio, May 23, 1946.
　　　　Entry No. 556.

(Decided March 12, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

DUDLEY G. ELDRIDGE, INC. *v.* UNITED STATES

**No. 6999.**—Invoice dated London, England, October 31, 1945.
　　　　Certified October 31, 1945.
　　　　Entered at New York, N. Y., December 27, 1945.
　　　　Entry No. 729101.

(Decided March 12, 1947)

*Marlow & Hines* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge: This appeal involved the question of whether or not there should be included as a part of the dutiable values of the merchandise the amount of the so-called British purchase tax. The identical question was involved in *United States* v. *Pitcairn*, C. A. D. 334, wherein it was held that the appraiser erroneously included the said British purchase tax as a part of the dutiable values.

This appeal has been submitted upon a stipulation wherein counsel have agreed that the issues herein are similar in all material respects to the issues involved in the *Pitcairn* case, *supra*, and the record in that case has been admitted in evidence herein.

Upon the facts and the law I find and hold the proper dutiable export values of the merchandise covered by this appeal to be the values found by the appraiser, less any amount added under duress. Judgment will be rendered accordingly.